UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRANT STOWELL, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-0527-B |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and | § | |
| SAMANTHA JENKINS, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is an insurance case. Defendant United Property & Casualty Insurance Company (UPC) contends that this Court has diversity jurisdiction because its election of legal responsibility ("election") under § 542.006 of the Texas Insurance Code renders nondiverse Defendant Samantha Jenkins improperly joined. *See* Doc. 1, Notice of Removal, 3–4; Doc. 6, Def.'s Resp. to Order to Show Cause, 5. For the reasons that follow, the Court concludes that Defendant Jenkins is not improperly joined. Accordingly, the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a) to consider this dispute and thus **REMANDS** this case to the 298th Judicial District Court, Dallas County, Texas.

# I.

# BACKGROUND[1]

A. *Factual Background*

On June 6, 2018, Plaintiff's property in Frisco, Texas was damaged in a hailstorm. Doc. 1-2, Ex. B, Pl.'s Original Pet., ¶¶ 7–8. Plaintiff then had his roof inspected and submitted a claim to UPC, Plaintiff's insurer. *Id.* ¶ 8. UPC assigned Jenkins to investigate the claim, which was subsequently denied. *Id.* ¶ 9. Following the denial of the claim, Plaintiff had his property reinspected and submitted additional evidence of damage to UPC and Jenkins, along with "a demand for payment of the claim." *Id.* ¶¶ 10, 12–13. Plaintiff alleges that neither UPC nor Jenkins responded to Plaintiff for over sixty days. *Id.* ¶ 13. Plaintiff then brought this lawsuit. *Id.* Plaintiff brings claims for violations of the Texas Insurance Code and Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) against Jenkins and UPC, in addition to claims of breach of contract and breach of the common law duty of good faith and fair dealing against UPC alone. *Id.* ¶¶ 14–34.

B. *Procedural Background*

Plaintiff initially filed suit against UPC and Jenkins in state court. *See generally id.* After the suit commenced, UPC filed its election of legal responsibility for Jenkins in state court. *See* Doc. 1-2, Ex. B, Election of Legal Responsibility.[2] UPC then removed the case to this Court and refiled the election before the state court acknowledged the election and dismissed Jenkins from the case. *See* Doc. 1, Notice of Removal, 3; Doc. 2, Notice of Election of Legal Responsibility. Both Plaintiff and

---

[1] The Court draws the facts from Plaintiff's state-court petition. *See* Doc. 1-2, Ex. B, Pl.'s Original Pet.
[2] Section 524A.006(a) of the Texas Insurance Code allows an insurer "to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." "[A] court shall dismiss the action against the agent with prejudice" when an insurer files an election for its agent after a suit is brought. Tex. Ins. Code. § 542A.006(c).

Jenkins are Texas citizens. *See* Doc. 1, Notice of Removal, ¶¶ 10, 12. This Court, concerned about the effect of the timing of the election on the Court's subject-matter jurisdiction, then ordered UPC to show cause for why this case should not be remanded to state court. Doc. 4, Order to Show Cause, 1–2. All briefing has been filed, and the issue of subject-matter jurisdiction is now ripe for review.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (citation omitted). And "[i]f the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Id.* (citation omitted). A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted).

This Court "may consider subject matter [jurisdiction] *sua sponte,* as 'subject-matter delineations must be policed by the courts on their own initiative.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "[A]s long as a nondiverse party remains joined, the *only* issue the court may consider is that

of jurisdiction itself. This is because 'a federal court *always* has jurisdiction to determine its own jurisdiction.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (emphasis in original) (quoting *United States v. Ruiz,* 536 U.S. 622, 622 (2002)). "The removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82 (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.

## ANALYSIS

This dispute centers on diverse UPC's election under § 542A.006(a) of the Texas Insurance Code for nondiverse Jenkins. *See* Doc. 2, Election of Legal Responsibility. UPC contends that its election under § 542A.006 renders nondiverse Jenkins improperly joined and thus urges this Court to ignore Jenkins for the purpose of diversity jurisdiction. *See* Doc. 6, Def.'s Resp., 2. Plaintiff responds that the Court lacks diversity jurisdiction because both Plaintiff and Jenkins are residents of Texas and the election occurred after the suit commenced. *See* Doc. 5, Pl.'s Resp., 2.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005)). "Under this doctrine, the court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants." *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, –F. Supp. 3d–, 2020 WL 1430529, at *2 (S.D. Tex. Mar. 23,

2020) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)). The Fifth Circuit has "routinely relied on [the] *Smallwood* opinion as *the* authoritative source of [its] improper-joinder analysis." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 207 (emphasis in original) (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004)). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). At issue here is the second way. Doc. 6, Def.'s Resp., 3. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574 (citation omitted).

The Fifth Circuit has not yet addressed the impact of an election under § 542A.006 on improper joinder analysis when the election is made after an action is filed in state court. *See Shenavari*, –F. Supp. 3d–, 2020 WL 1430529, at *3 (citing *Altom v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 810856, at *3 (E.D. Tex. Jan. 27, 2020)). However, district courts have been split on the issue of whether such an election for a nondiverse defendant by a diverse defendant supports a finding of diversity jurisdiction based on improper joinder. *See id.* (describing district court split).

Under the majority[3] view, "the touchstone of the improper joinder inquiry is whether parties were improperly joined at the time of joinder, and thus that an insurer's § 542[A].006 election after a lawsuit has commenced does not by itself establish improper joinder." *Id.* (collecting cases). On the

---

[3]*See Project Vida v. Philadelphia Indem. Ins. Co.*, 2020 WL 2220193, at *5 (W.D. Tex. May 7, 2020) (noting the majority view).

other hand, a minority of courts have concluded that "a § 542[A].006 election made after a lawsuit commences but before removal renders the in state adjuster improperly joined because the election, which requires that the adjuster be dismissed with prejudice, precludes any recovery against the adjuster." *Id.* (collecting cases).

The Court finds the arguments in favor of the majority view persuasive. *See id*. In advancing the majority view, the district court in *Stephens v. Safeco Insurance Company of Indiana* effectively counters the reasoning of the court in *Flores v. Allstate Vehicle & Property Insurance Company*, which adopted the minority view. *See Stephens v. Safeco Ins. Co. of Ind.*, 2019 WL 109395, at *6 (E.D. Tex. Jan. 4, 2019) (citing *Flores v. Allstate Veh. & Prop. Ins. Co.*, 2018 WL 5695553, at *1 (W.D. Oct. 31, 2018)). As the *Stephens* court points out, the *Flores* court improperly relies on *Electro Grafix, Corporation v. Acadia Insurance Company*, 2018 WL 3865416 (W.D. Tex. Aug. 14, 2018), to arrive at the minority view. *See Stephens*, 2019 WL 109395, at *6 ("*Flores*' reliance on *Electro Grafix*, however, is misplaced because the diverse defendant–insurer in *Electro Grafix* made the election *before* the plaintiff–insured commenced action in state court.") (emphasis added). Further, the same court that had adopted the minority view in *Yan Qing Jiang v. Travelers Home & Marine Insurance Company*, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018), later reversed course and took the majority view. *See River of Life Assembly of God v. Church Mut. Ins. Co.*, 2019 WL 1767339, at *2–3 (W.D. Tex. Apr. 22, 2019) (citing to the court's previous decision in *Yan Qing Jiang* as taking the minority view before finding that "the Court is now persuaded that the [majority view] is the proper application of federal law").

Moreover, the Northern District of Texas began to weigh in on the split in 2019 and has up to this point unanimously adopted the majority view. *See Williams v. Allstate Vehicle & Prop. Ins. Co.*,

2019 WL 3304684, at *3 (N.D. Tex. July 23, 2019); *Trentin v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 2374163, at *6 (N.D. Tex. May 14, 2019), *report and recommendation adopted*, 2019 WL 2372943 (N.D. Tex. June 5, 2019); *Fortress Iron, LP v. Travelers Indem. Co.*, 2019 WL 2374834, at *3–4 (N.D. Tex. May 14, 2019), *report and recommendation adopted*, 2019 WL 2372910 (N.D. Tex. June 5, 2019); *see also Barnes Burk Self Storage, LLC v. United Fire & Cas. Co.*, 2019 WL 6717590, at *1–2 (N.D. Tex. Dec. 10, 2019).

Further, this Court disagrees with the most recent decision adopting the minority view. *See Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019). The court in *Bexar* looks to *Hoyt v. Lane Construction Corporation*, 927 F.3d 287, 296–97, 300 (5th Cir. 2019), to challenge the majority view that "improper joinder must be improper at the time of the joinder." *Bexar*, 2019 WL 6131455, at *4 & n.2. But "central to the court's denial of remand in *Hoyt* was the state court's dismissal of the non-diverse defendant on summary judgment prior to removal." *Shenavari*, –F. Supp. 3d–, 2020 WL 1430529, at *4. *Hoyt* differs from the present case in that here the nondiverse defendant was not dismissed by the state court prior to removal. *See id.*

The court in *Bexar* also concluded that the Fifth Circuit's assertion in *Smallwood* that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case" was dicta. *Bexar*, 2019 WL 6131455, at *4 (quoting *Smallwood*, 385 F.3d at 573). Yet the Fifth Circuit itself "[has] never suggested—much less held—that the analysis . . . offered [in *Smallwood*] was dicta." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207. The *Bexar* court is correct in that "*Smallwood* acknowledges, 'the test[ . . . ] is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover

against an in-state defendant." *Bexar*, 2019 WL 6131455, at *4 (quoting *Smallwood*, 385 F.3d at 573). However, "[t]he possibility-of-recovery inquiry is a means to discerning whether the joinder of a nondiverse defendant was improper, not an end in itself." *River of Life Assembly of God*, 2019 WL 1767339, at *3 (citing *Smallwood*, 385 F.3d at 573). Thus, "[t]he focus must remain on whether the nondiverse party was properly joined when joined." *Id.* (citation omitted).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the *joinder* was improper." *Smallwood*, 385 F.3d at 576 (emphasis added). And "until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court." *Id.*

For the foregoing reasons, this Court concurs with the majority view and concludes that an election alone does not render the nondiverse Defendant improperly joined when the election is made after an action is brought.

Here, UPC fails to establish improper joinder of Jenkins. UPC does not dispute that its election occurred after Plaintiff had already brought suit in state court. *See* Doc. 6, Def.'s Resp., 1-2. UPC does not argue that Plaintiff fails to state a claim against Jenkins, or that Jenkins was improperly joined initially, but rather argues that Jenkins is improperly joined solely because UPC's election under §542A.006 precludes recovery against Jenkins. *See id.* at 2. The Court disagrees with UPC, as this "contention conflates the propriety of an improper joinder inquiry with the method of showing that a party is improperly joined." *Stephens*, 2019 WL 109395, at *5 (citation omitted). UPC's refiling of the election in this Court after removal, see Doc. 2, Election of Legal Responsibility, therefore has no bearing on whether Jenkins was improperly joined.

## IV.

## CONCLUSION

For the foregoing reasons, the Court lacks subject-matter jurisdiction over this case. Therefore, the Court **REMANDS** this case to the 298th Judicial District Court, Dallas County, Texas.

**SO ORDERED.**

**SIGNED: June 16, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE